# RECEIVED

## AUG 2 2 2006 $\mathcal{M}$

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| LEIGH ANN BLUNDELL SEAUX | CIVIL ACTION NO.: 6:06 CV 0909 |
| VERSUS | JUDGE DOHERTY |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is a Motion to Remand [Doc. 6], filed on behalf of plaintiff, Leigh Anne Blundell Seaux, urging this matter be remanded to the Fifteenth Judicial District Court, Lafayette Parish, Louisiana. Plaintiff argues defendant's Notice of Removal [Doc. 14] was untimely while defendant argues it was not. Briefing has now been completed and the motion has been taken under advisement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2005, plaintiff filed a petition against Wal-Mart Stores, Inc. in the Fifteenth Judicial District Court, Lafayette Parish, Louisiana, alleging injury as a result of Wal-Mart's negligence. Plaintiff argues that a Wal-Mart clerk negligently positioned a bottle of soda, causing it to fall and strike plaintiff. The bottle burst as a result, resulting in her suffering a "torn anterior cruciate ligament and torn meniscus of her right leg." [Doc. 1, ¶¶ 12, 13] Defendant was served with the Plaintiff's Original Petition on January 4, 2006. On May 31, 2006, defendant filed a Notice of Removal, [Doc. 14] removing the matter to this Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiff has filed a Motion to Remand [Doc. 6] alleging that the removal was not timely.

1

Pursuant to 28 U.S.C. §1446 ("Procedure for Removal"), a defendant generally has only thirty (30) days from receipt of the initial pleading to remove a matter to federal court. Because this matter was removed more than thirty (30) days after defendant's receipt of the initial pleading, plaintiff argues removal was untimely. Defendant responds that 28 U.S.C.§ 1446 contains an exception for matters that are not removable as initially filed. Under the exception contained in 28 U.S.C.§1446, a suit is removable "within thirty days after receipt by defendant ... of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable...." [Doc. 8, p.2 (quoting 28 U.S.C. §1446(b)) (emphasis added)] Defendant argues that its receipt of plaintiff's discovery responses on May 11, 2006 constitute an "other paper" and was its first notice that the matter was subject to removal. Defendant argues this discovery was the first documentation it received which put it on notice that plaintiff's claim for damages exceeded $75,000. Thus, defendant argues removal was timely as the removal petition was filed less than thirty (30) days after receipt of plaintiff's discovery responses.

## II.  LAW AND ANALYSIS

### A.    Timeliness of Removal

Plaintiff argues this matter should be remanded to state court as defendant's Notice of Removal [Doc. 14] was filed outside of the initial thirty-day time limit established in the first paragraph of 28 U.S.C. §1446(b). Plaintiff argues the Original Petition was removable on its face as initially filed, and therefore, defendant cannot rely upon the exception contained in the second paragraph of 28 U. S.C. §1446. Section 1446(b) provides as follows:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty

2

days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by §1332 of this title more than 1 year after commencement of the action. (Emphasis added)

The Fifth Circuit has held the first paragraph of §1446(b) applies to cases which are removable as initially filed; the second paragraph applies to those cases which are not apparent on their face as removable, but later removability becomes apparent. New York Life Ins. Co. v. Deshotel, et al, 142 F.3d 873, 886 (5th Cir. 1998). The Fifth Circuit held that where diversity jurisdiction is at issue, the thirty (30) day time period in the first paragraph of §1446(b) applies only when the initial pleading affirmatively reveals *on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount mandated by 28 U.S.C. §1332. Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). When a matter is removed pursuant to the second paragraph of §1446(b), the information supporting removal in an amended pleading, motion, order or *other paper* must be "unequivocally clear and certain" to begin tolling the thirty (30) day time limit. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). Thus, the courts have determined grounds for removal must be "unequivocally clear and certain" to promote judicial economy and reduce protective removals by defendants faced with an equivocal record. Id. The courts also suggest the noted requirements for clear and certain grounds discourage removals being filed before their factual basis can be proven by a preponderance of the evidence. Id. Although this

3

Court is aware removal statutes are to be construed strictly against removal and for remand, it cannot be lost that this general canon does not trump a plain language reading of the applicable statute.

Plaintiff, nonetheless, argues the present case was clearly removable as initially filed. Plaintiff claims defendant's maximum potential liability under the law relied upon and the damages claimed in the Petition inevitably leads to the conclusion that her claim exceeds the jurisdictional amount required for federal diversity jurisdiction. In support of this contention, plaintiff cites Bosky, *supra*, for the proposition that specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable so as to trigger the time limit for filing a notice of removal. In acknowledging this finding, the Bosky court cited two other Fifth Circuit cases, Marcel v. Pool Co., 5 F. 3d 81, (5th Cir. 1993), and De Aguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995). Both Marcel and De Aguilar differ from the facts in this case in that they involved significantly more serious injuries than those suffered by the plaintiff in this matter. The injuries in the instant case are of a type for which actual damages can vary significantly. Thus, defendant argues, it could not have been reasonably put on notice by the petition alone that this injury caused damages in excess of $75, 000. Plaintiff also offers Gebbia v. Wal-Mart Stores, Inc. 233 F.3d 880 (5th Cir. 2000) and Luckett v. Delta Airlines, Inc. 171 F. 3d 295 (5th Cir. 1999) as additional support for her argument that a petition can be apparently removable on its face based on the damages claimed therein. This Court finds those cases factually distinguishable from the case at bar in that the respective petitions in those cases allege damages that are more numerous and of greater severity than the case at bar.

As defendant correctly points out, in the Fifth Circuit, the thirty (30) day time period in which a defendant must remove a case pursuant to §1446(b) starts to run from defendant's receipt of the initial pleading *only* when that pleading affirmatively reveals *on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount required in federal courts. Chapman at 163. Defendant is under no duty to exercise due diligence in determining whether the case is, in fact, removable. Id. Defendant argues that it was not sufficiently apparent that this matter was removable until receipt of the plaintiff's "other paper" discovery responses, and therefore, as plaintiff filed the Notice of Removal within thirty (30) days thereafter, removal is timely. As plaintiff's original petition did not reveal *on its face* that the matter was removable, the Court finds that the thirty (30) day time limit did not begin to toll upon defendant's receipt of the initial pleading. This Court further finds plaintiffs discovery responses to be an "other paper" as contemplated by the second paragraph of 28 U.S.C. § 1446(b), and thus the exception found within 28 U.S.C. § 1446(b) applies.[1] Defendant's Notice of Removal, having been filed within thirty (30) days from the receipt of the "other paper" discovery responses, was timely.

For these reasons, plaintiff's Motion to Remand is hereby DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana this __22__ day of __August__, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] Defendant asserts, and plaintiff does not dispute, that discovery constitutes "other paper."